**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

Chapter 11 Case

TRADEWINDS AIRLINES, INC.,

Case No. 08-20394-BKR-AJC

　　　　　Debtor.
_____/

TRADEWINDS AIRLINES, INC.,

　　　　　Plaintiff,

v.                                                                    Adv. Pro.

AAR AIRCRAFT SERVICES – MIAMI, INC. f/k/a
AVBORNE HEAVY MAINTENANCE, INC.,

　　　　　Defendant.
_____/


## COMPLAINT FOR TURNOVER OF ESTATE PROPERTY, TO DETERMINE VALIDITY, EXTENT AND PRIORITY OF LIEN, FOR DETERMINATION OF VIOLATION OF AUTOMATIC STAY AND FOR CONVERSION

　　　　TradeWinds Airlines, Inc., debtor and debtor in possession ("TradeWinds" or

"Plaintiff"), by and through undersigned counsel, pursuant to Sections 362, 506, 542, 544

and 549 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and

Rules 7001(1) and (2) of the Federal Rules of Bankruptcy Procedure, and Florida Statutes

Sections 329.01, 329.51 and 713.58, sues Defendant, AAR Aircraft Services – Miami,

Inc. f/k/a Avborne Heavy Maintenance, Inc. ("Defendant"), (i) to recover property of the

estate wrongfully withheld by Defendant, (ii) to determine the validity, extent, and

priority of Defendant's lien, if any, on that certain Airbus model A-300 aircraft, tail

number N504TA ("Aircraft 504") owned by Plaintiff, (iii) to determine violations of the

automatic stay by Defendant and (iv) to recover damages resulting from Defendant's conversion of Plaintiff's property.

## I.
### PARTIES

1.      On July 25, 2008 (the "Petition Date"), Plaintiff filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

2.      Plaintiff has continued in the possession of its property and is operating and managing its business as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      No request for a trustee or examiner has been made and on August 8, 2008, a creditors committee was appointed in the case.

4.      Defendant is a Florida corporation with its principal place of business at 5300 NW 36 St., Building 850, Miami, FL 33166, and can be served with process, pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure, upon its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301-2525.

## II.
### JURISDICTION AND VENUE

5.      This Court has jurisdiction over the above-captioned adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      This proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(E), (K) and (O).

### III.
### FACTUAL BACKGROUND

8.      Plaintiff is an air cargo carrier that provides airport-to-airport service to the air freight community pursuant to contracts which generally require the company to supply its customers with aircraft, crew, maintenance and insurance ("ACMI") on a fee-per-block-hour basis.

9.      Plaintiff, as a debtor and debtor in possession pursuant to § 1107 of the Bankruptcy Code has all of the rights, powers and duties of a trustee serving in a chapter 11 case, except to the extent specifically excluded under § 1107.

10.      As a debtor in possession, Plaintiff has the rights and powers of a hypothetical lien creditor as of the Petition Date pursuant to § 544 of the Bankruptcy Code.

11.      Defendant is an FAA-approved repair station which maintains and operates facilities located at the Miami International Airport for the maintenance, modification, repair, overhaul, storage and functional testing of aircraft, aircraft parts, and aircraft components.

12.      On the Petition Date, Plaintiff owned, *inter alia*, a fleet of six Airbus model A-300 aircraft, including Aircraft 504 which is currently in the wrongful possession of the Defendant.

3

13.     On February 26, 2008, Plaintiff and its shareholders entered into a $30 million refinancing transaction with the Police and Fire Retirement System of the City of Detroit ("PFS") and the General Retirement System of the City of Detroit ("GRS"; GRS and PFS, collectively, the "Lenders") to refinance Plaintiff's initial purchase of the A-300 aircraft.   Upon information and belief, the Lenders have filed liens against all of Plaintiff's aircraft with the Federal Aviation Administration (the "FAA") and specifically claim an interest in Aircraft 504.[1]

14.     Upon information and belief, Plaintiff's ownership interest in Aircraft 504 is not contested.

15.     On or about May 23, 2003, Plaintiff entered into a General Terms Agreement ("GTA") with Defendant to provide maintenance for certain of Plaintiff's A-300 aircraft.  Pursuant to section 2.1 of the GTA, the term of the GTA was two years.  On or about May 23, 2005, the parties entered into a written Contract Extension Authorization, extending the term of the GTA through May 23, 2006.  On or about May 18, 2006, the parties entered into a second written Contract Extension Authorization, extending the term of the GTA through May 23, 2007.  On or about May 23, 2007, the parties entered into a third written Contract Extension Authorization, extending the term of the GTA through May 23, 2008.  On or about May 21, 2008, the parties entered into Amendment 1 to GTA, pursuant to which Plaintiff acknowledged Defendant's change of name from Avborne Heavy Maintenance, Inc. to AAR Aircraft Services – Miami, Inc.

---

[1] Plaintiff is not at this time conceding the extent, validity or priority of the Lender's liens in and to all of Plaintiff's property, and reasonably expects the creditor's committee appointed in Plaintiff's bankruptcy case will be afforded the opportunity to investigate the Lenders' asserted liens.  Further, Plaintiff has not waived its right to object to any assertion of lien made by the Lenders and has not, as of the date of this complaint, completed an analysis of the Lender's liens and claims.

following the acquisition of Defendant's stock by AAR Aircraft Services, Inc., a subsidiary of AAR Corporation.  On or about May 23, 2008, the parties entered into a fourth written Contract Extension Authorization, extending the term of the GTA through December 31, 2008.   A true and correct copy of the GTA, each of the four contract extension agreements and Amendment 1 are attached as Exhibit "A".

16.    Defendant has performed maintenance and repairs on several different aircraft owned by Plaintiff pursuant to a separate Aircraft Maintenance Agreement (the "AMA") for each such aircraft, each of which incorporates the GTA by its terms.  The AMA includes pricing and maintenance specifications for the applicable aircraft subject of the agreement.

17.    On or about April 25, 2008, Plaintiff entered into an AMA (the "504 AMA") with Defendant pertaining to Aircraft 504, which provides for a fixed bid price of $1,160,000 to cover the M96 Check described in Exhibit A to the 504 AMA.  The 504 AMA further provides that the payment schedule for the work contemplated under Exhibit A of the 504 AMA includes a $250,000 payment at aircraft induction.  A true and correct copy of the 504 AMA is attached as Exhibit "B".

18.    During the period from October 1, 2007 through March 29, 2008, Defendant provided drop in and on call maintenance on an aircraft bearing tail number N821SC ("Aircraft 821") pursuant to an AMA.  Plaintiff paid Defendant for the repair cost in respect of Aircraft 821, except for the sum of $2,436.48.  Notwithstanding, Defendant released Aircraft 821 to Plaintiff on or about March 29, 2008.

19.    During the period from February 28, 2008 through May 30, 2008, Defendant performed maintenance and repairs on an aircraft bearing tail number N501TR ("Aircraft 501") pursuant to an AMA providing for a repair cost of approximately $1,686,737.63.  Plaintiff remitted the sum of $1,050,000 to Defendant in respect of the total repair costs due in respect of Aircraft 501, leaving an unpaid balance due Defendant in the amount of $636,737.63.  Due to economic factors outside of its control, Plaintiff was unable to pay Defendant in full for the repairs performed by Defendant to Aircraft 501.  Notwithstanding, Defendant released Aircraft 501 to Plaintiff on or about May 30, 2008.

20.    During the period from June 2, 2008 through June 16, 2008, Defendant performed maintenance and repairs on an aircraft bearing tail number N506TA pursuant to an AMA providing for a repair cost of approximately $1,037,824.98 ("Aircraft 506").  Due to economic factors outside of its control, Plaintiff was unable to pay Defendant in full for the repairs performed by Defendant to Aircraft 506.  Notwithstanding, Defendant released Aircraft 506 to Plaintiff on or about June 18, 2008.

21.    On or about June 19, 2008, Plaintiff relocated Aircraft 504 to Defendant with the intention that a 96-month inspection check be performed.  However, the inspection could not be performed because Aircraft 504 was missing one engine and was unable to receive electrical power.  Without the missing engine and the inability to receive electrical power, the inspection process was unable to commence.

22.    Plaintiff requested that Defendant delay the 96-month inspection check on Aircraft 504 and that an induction fee not be imposed.

6

23.     Upon information and belief, Defendant did not object to Plaintiff's request to delay the service work on Aircraft 504, and Defendant affirmed it would not place Aircraft 504 in line for maintenance.   Further, upon information and belief, Defendant has not performed any maintenance on Aircraft 504 for which compensation is due and owing by Plaintiff.

24.     On July 24, 2008, which was the day immediately preceding the Petition Date, Defendant filed a claim of lien with the Clerk of the Circuit Court in Miami-Dade County, Florida, as document no. CFN 2008R0607302, at O.R. Book 26493, Page 3683 (the "Claim of Lien"), alleging Defendant provided labor, materials and services on Aircraft 504 valued at $250,000 that remains unpaid.  The Claim of Lien further alleges that Defendant furnished the last of these items on July 23, 2008.   A true and correct copy of the Claim of Lien is attached as Exhibit "C".

25.     On or about August 8, 2008, Plaintiff requested the return of Aircraft 504 from the Defendant.  Claiming to have a valid mechanic's lien under state law, Defendant refused to return Aircraft 504.  In addition, Defendant refused to return Aircraft 504 to Plaintiff, asserting an allegedly valid possessory lien exists in favor of Defendant arising under certain provisions of the GTA.

26.     Prior to July 24, 2008, Defendant did not demand payment from Plaintiff for services allegedly rendered to Aircraft 504, and Defendant did not attempt to assert a mechanic's lien on the airplane.

27.     On or about July 29, 2008, four days after the Petition Date, Defendant filed with the FAA a certified copy of the Claim of Lien filed in Miami Dade County on

July 24, 2008 ("FAA Claim of Lien").  The FAA Claim of Lien only purports to encumber Aircraft 504 for services allegedly rendered to Aircraft 504 in the amount of $250,000.  Defendant has not filed any instrument purporting to encumber Aircraft 504 on account of Defendant's alleged possessory lien created pursuant to the GTA.

28.    Defendant has exercised dominion and control over Aircraft 504 by removing all of the documentation and logbooks relating to Aircraft 504 (the "Logbooks") from the aircraft and allegedly placing the Logbooks in the office of Defendant's counsel.

29.    Upon information and belief, Defendant has advised the FAA that Defendant is in control of Aircraft 504.  As a result, the FAA has directed Plaintiff to remove Aircraft 504 from its operating certificate.

## IV.
### CLAIMS FOR RELIEF
### COUNT 1: ACTION TO INVALIDATE LIEN UNDER STATE LAW
### (FLA. STAT. §§ 329.01, 329.51, AND 713.58)

30.    Plaintiff readopts and realleges each and every allegation contained in Paragraphs 1 through 29 as if fully set forth herein.

31.    Defendant asserts a mechanic's lien against Aircraft 504 by virtue of having filed the Claim of Lien in the amount of $250,000 with the Clerk of the Circuit Court in Miami-Dade County, Florida on or about July 24, 2008.

32.    Fla. Stat. § 713.58 provides a lien for labor or services on personal property "in favor of persons performing labor or services for any other person, upon the

personal property of the latter **upon which the labor or services is performed** . . . ."

[Emphasis added].

33.    Fla. Stat. § 329.51 provides:

Any lien claimed on an aircraft under s. 329.41 or s. 713.58 is enforceable when the lienor records a verified lien notice with the clerk of the circuit court in the county where the aircraft was located at the time the labor, services, fuel, or material was last furnished. The lienor must record such lien notice within 90 days after the time the labor, services, fuel, or material was last furnished. The notice must state the name of the lienor; the name of the owner; **a description of the aircraft upon which the lienor has expended labor, services, fuel, or material**; the amount for which the lien is claimed; and the date the expenditure was completed. **This section does not affect the priority of competing interests in any aircraft or the lienor's obligation to record the lien under s. 329.01.**

[Emphasis added].

34.    Fla. Stat. § 329.01 provides:

**No instrument which affects the title to or interest in any civil aircraft of the United States, or any portion thereof, is valid in respect to such aircraft**, or portion thereof, against any person, other than the person by whom the instrument is made or given, the person's heirs or devisee, and any person having actual notice thereof, **until such instrument is recorded in the office of the Federal Aviation Administrator of the United States**, or such other office as is designated by the laws of the United States as the one in which such instruments should be filed. Every such instrument so recorded in such office is valid as to all persons without further recordation in any office of this state. Any instrument required to be recorded by the provisions of this section takes effect from the date of its recordation and not from the date of its execution

[Emphasis added].

35.    Defendant did not perform any labor or services for Plaintiff upon Aircraft 504.

36. Defendant's Claim of Lien willfully and wrongfully stated a claim for work not performed on and materials not furnished to Aircraft 504, thereby rendering the Claim of Lien fraudulent and unenforceable.

WHEREFORE, Plaintiff respectfully requests that this Court declare the Claim of Lien asserted by the Defendant void and unenforceable, and award Plaintiff the following additional relief: (i) reasonable costs and fees; (ii) reasonable attorneys' fees and costs in securing the discharge of the lien; (iii) prejudgment interest; (iv) punitive damages in an amount not to exceed the difference between the amount claimed by Defendant and the amount actually due, in this case $0; and (v) such other and further relief as is just and proper.

### COUNT 2:  ACTION TO DETERMINE EXTENT, VALIDITY, OR PRIORITY OF LIEN (UNTIMELY FILED LIEN WITH FAA – MECHANIC'S LIEN) (11 U.S.C. § 544, 545 AND 549)

37. Plaintiff readopts and realleges each and every allegation contained in Paragraphs 1 through 29 and 32 through 36 as if fully set forth herein.

38. Pre-petition, Defendant failed to file a certified copy of its Claim of Lien against Aircraft 504 with the FAA.

39. The FAA Claim of Lien was not filed with the FAA until after the Petition Date.

40. The FAA Claim of Lien purports to affect the interest of Plaintiff in Aircraft 504, by asserting an alleged mechanic's lien against Aircraft 504 under state law, even though Defendant did not perform any work for Plaintiff on Aircraft 504.

41.    Pursuant to Fla. Stat. § 329.01 and Bankruptcy Code § 544, because Defendant filed the FAA Claim of Lien after the Petition Date, its alleged state law mechanic's lien against Aircraft 504 is not valid against a hypothetical lien creditor with a claim against Plaintiff, as of the Petition Date.

42.    By reason of Defendant's failure to record the FAA Claim of Lien against Aircraft 504 until after the Petition Date, Plaintiff can avoid the FAA Claim of Lien as an unperfected lien against Aircraft 504 pursuant to 11 U.S.C. § 545.

43.    By reason of Defendant's failure to record the FAA Claim of Lien against Aircraft 504 until after the Petition Date, Plaintiff can avoid the FAA Claim of Lien as a transfer of an interest against Aircraft 504 that occurred after the commencement of the case, and was not authorized by the Bankruptcy Code or by this Court, pursuant to 11 U.S.C. § 549.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against the Defendant (i) determining that Defendant's alleged mechanic's lien against Aircraft 504 is invalid and/or avoidable pursuant to 11 U.S.C. §§ 544, 545 and 549, and (ii) granting such other and further relief as is just and proper.

### COUNT 3:  ACTION TO DETERMINE EXTENT, VALIDITY, OR PRIORITY OF LIEN (FAILED TO FILE LIEN WITH FAA – CONTRACTUAL LIEN) (49 U.S.C. § 44108, FLA. STAT. § 329.01 AND 11 U.S.C. §§ 544)

44.    Plaintiff readopts and realleges each and every allegation contained in Paragraphs 1 through 29 and 32 through 36 as if fully set forth herein.

45.     Upon information and belief, Defendant asserts that it has a consensual possessory lien against Aircraft 504 pursuant to the GTA (the "Contractual Lien"), thereby allowing Defendant to retain Aircraft 504 as security for the amounts due and owing by Plaintiff for maintenance performed on Aircraft 821 in the amount of $2,436.48, Aircraft 501 in the amount of $636,737.63, Aircraft 506 in the amount of $1,037,824.98, and Aircraft 504 in the amount of $250,000, totaling approximately $1,976,999.09 (the "Monetary Claim").

46.     Defendant never performed any services on or provided materials to Aircraft 504, and therefore Plaintiff disputes the sum of $250,000 included in the Monetary Claim to the extent it arises out of work that was never performed on or materials that were never furnished to Aircraft 504.

47.     Pursuant to 49 U.S.C. § 44108 and Fla. Stat. § 329.01, until an instrument executed for security purposes is filed for recording, the instrument is valid only against the person making the instrument, and not against any other person or entity.

48.     The GTA constitutes an instrument which, upon information and belief, Defendant asserts provides for the granting of a security interest in favor of Defendant in aircraft belonging to Plaintiff.

49.     Defendant failed to file any instrument asserting its purported Contractual Lien arising under the GTA against Aircraft 504 with the FAA.

50.     Pursuant to 11 U.S.C. § 544, Plaintiff, as a debtor in possession, stands in the shoes of a hypothetical judgment lien creditor.

12

51.     Accordingly, Defendant's Contractual Lien is invalid against Plaintiff as a debtor in possession or against any other person, other than the Debtor, because Defendant failed to record an instrument evidencing its Contractual Lien.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against the Defendant (i) determining that Defendant's asserted Contractual Lien against Aircraft 504 is invalid pursuant to 49 U.S.C. § 44108, Fla. Stat. § 329.01 and 11 U.S.C. §§ 544, (ii) determining that the Monetary Claim due and owing to Defendant does not exceed the sum of $1,659,412.34 and does not include any amount due in respect of Aircraft 504, and (iii) granting such other and further relief as is just and proper.

## COUNT 4:  ACTION TO DETERMINE EXTENT, VALIDITY, OR PRIORITY OF LIEN (DEFENDANT'S MECHANIC LIEN IS SUBORDINATE TO CLAIM OF OTHER SECURED CREDITORS) (FLA. STAT. §§ 329.01 AND 329.51 AND 11 U.S.C. § 506)

52.     Plaintiff readopts and realleges each and every allegation contained in Paragraphs 1 through 29 and 45, as if fully set forth herein.

53.     Solely for purposes of this Adversary Proceeding, Plaintiff admits that the Lenders have properly perfected their first priority security interest and mortgage liens in and to substantially all of the Debtor's property, including Aircraft 504.

54.     Solely for purposes of this Adversary Proceeding, Plaintiff admits that the Lenders have allowed secured claims.

55.     Upon information and belief, the amount of the Lenders' secured claims exceed the value of their collateral.

56.     Upon information and belief, pursuant to Fla. Stat. §§ 329.01 and 329.51, the Lenders' security interest and lien against Aircraft 504 is first in time and right and has priority over the purported Contractual Lien and Claim of Lien in Aircraft 504 asserted by the Defendant, and the Defendant's alleged Contractual Lien and Claim of Lien against Aircraft 504 is subordinate to the security interest and lien of the Lenders against Aircraft 504.

57.     As a result, pursuant to 11 U.S.C. § 506, based upon the value of the Lenders' collateral, including Aircraft 504, not exceeding the amount of the Lenders' claims, the Defendant is an unsecured creditor of Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against the Defendant: (i) determining that Defendant's Contractual Lien and Claim of Lien are subordinate to the liens of the Lenders pursuant to Fla. Stat. §§ 329.01 and 329.51; (ii) determining that Defendant does not have an allowed secured claim against Aircraft 504 pursuant to 11 U.S.C. § 506(a) and (d); and (iii) granting such other and further relief as is just and proper.

### COUNT 5:  TURNOVER PURSUANT TO 11 U.S.C. § 542(a)

58.     Plaintiff readopts and realleges each and every allegation contained in Paragraphs 1 through 29 as if fully set forth herein.

59.     Pursuant to § 542 of the Bankruptcy Code, an entity in possession, custody or control of property of a debtor's estate that a debtor in possession, standing in the shoes of a trustee, may use, sell, or lease under § 363 of the Bankruptcy Code shall deliver to the debtor in possession and account for such property.

60.     Defendant is now in possession of, and has custody of and is exercising control over Aircraft 504 and the Logbooks.

61.     Aircraft 504 and the Logbooks are property of the Plaintiff's bankruptcy estate pursuant to § 541 of the Bankruptcy Code.

62.     Plaintiff, as a debtor in possession standing in the shoes of a chapter 11 trustee, may use, sell, or lease Aircraft 504 and the Logbooks under § 363 of the Bankruptcy Code, subject to Bankruptcy Court approval.

63.     Plaintiff, as debtor-in-possession, has the authority to enforce the Debtor's right, title, and interest in Aircraft 504 and the Logbooks, and is thus entitled to recover Aircraft 504 and the Logbooks pursuant to Section 542 of the Bankruptcy Code.

64.     Plaintiff has demanded of Defendant that Defendant turn over to Plaintiff Aircraft 504 and the Logbooks, but Defendant has refused and continues to refuse to turn over possession, custody and control of Aircraft 504 and the Logbooks to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor against the Defendant (i) requiring the Defendant to turnover Aircraft 504 and the Logbooks to Plaintiff pursuant to 11 U.S.C. § 542, and (ii) granting such other and further relief as is just and proper.

15

## COUNT 6:  CONVERSION

65.    Plaintiff readopts and realleges each and every allegation contained in Paragraphs 1 through 29 as if fully set forth herein.

66.    Plaintiff is the rightful owner of Aircraft 504 and the Logbooks.

67.    Defendant has asserted dominion, control, or authority over Aircraft 504 and the Logbooks inconsistent with the rights of Plaintiff.

68.    Plaintiff, as debtor-in-possession, has the authority to enforce its right, title, and interest in Aircraft 504 and the Logbooks.

69.    The Defendant has refused to return to Plaintiff and is withholding possession of Aircraft 504 and the Logbooks.

70.    Through the Defendant's continued unauthorized possession of Aircraft 504 and the Logbooks, Plaintiff has been damaged in an amount equal to the value of Aircraft 504 and the Logbooks and in other particulars to be proved at trial.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor against the Defendant: (i) in an amount equal to the value of Aircraft 504 and the Logbooks to be determined at trial; (ii) prejudgment interest; and (iii) such other and further relief as is just and proper.

## COUNT 7:  VIOLATION OF AUTOMATIC STAY
## (11 U.S.C. § 362(a)(3), (4) & (5))

71.    Plaintiff readopts and realleges each and every allegation contained in Paragraphs 1 through 29 and 60 through 62 as if fully set forth herein.

72.    Plaintiff is being irreparably harmed and injured by the delay caused by the Defendant's possession of and exercise of control over Aircraft 504 and the Logbooks.

73.    Plaintiff is being irreparably harmed and injured by the actions of Defendant in asserting that it has a valid and perfected lien against Aircraft 504.

74.    Plaintiff is being irreparably harmed and injured by the actions of Defendant in attempting to enforce its purported Contractual Lien and Claim of Lien against Aircraft 504.

75.    The Defendant's willful actions to retain possession of, exercise control over and enforce liens against Aircraft 504 and the Logbooks are in direct violation of 11 U.S.C. § 362(a)(3), (4) & (5).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor against the Defendant: (i) declaring that the Defendant's above described conduct is in violation of 11 U.S.C. § 362; (ii) awarding damages, including reasonable attorneys' fees, costs and disbursements for such violations; and (iii) granting such other and further relief as is just and proper.

Dated:  August 21, 2008

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

**BILZIN   SUMBERG   BAENA PRICE & AXELROD LLP**
*Counsel for the Debtor*
*TradeWinds Airlines, Inc.*
200 South Biscayne Boulevard
Suite 2500
Miami, Florida  33131
Telephone:  (305) 374-7580
Facsimile:  (305) 374-7593

By:  ___/s/ Jeffrey I. Snyder_____
       Scott L. Baena
       Florida Bar No. 186445
       Mindy A. Mora
       Florida Bar No. 678910
       Jason Z. Jones
       Florida Bar No 186554
       Jeffrey I. Snyder
       Florida Bar No. 21281