ORDERED in the Southern District of Florida on     **SEP 18 2008**



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

In re:

TRADEWINDS AIRLINES, INC.,

      Debtor.

_____/

TRADEWINDS AIRLINES, INC.,

      Plaintiff,

v.

AAR AIRCRAFT SERVICES – MIAMI, INC. f/k/a
AVBORNE HEAVY MAINETANCE, INC.,

      Defendant.

_____/

Chapter 11 Case

Case No. 08-20394-BKR-AJC

Adv. Pro. 08-01546-AJC

## MEMORANDUM OPINION AND ORDER GRANTING DEBTOR'S
## EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

THIS CAUSE came before the Court for hearing on August 26, 2008 at 3:00 p.m.

upon Debtor's Emergency Motion For Preliminary Injunction (the "Motion") [D.E. 4] and

Defendant's Response thereto [D.E. 12]. Central to the issues in the above-captioned adversary proceeding and Debtor's Motion is whether Defendant, AAR Aircraft Services – Miami, Inc., properly complied with Florida and federal law regarding the recordation and perfection of both its asserted statutory lien and contractual lien in Debtor's model A-300 aircraft bearing tail number N504TA ("Aircraft 504").

As of the Petition Date, Aircraft 504 was in the possession of Defendant, who is asserting statutory and contractual liens in Aircraft 504 for outstanding maintenance payments it claims are due for work allegedly performed on Aircraft 504 and for work previously performed on other aircraft owned by Debtor. Pursuant to this Court's *Order Granting, in Part, Debtor's Emergency Motion for Preliminary Injunction* [D.E. 14], Defendant was directed to turn over possession of Aircraft 504 to Debtor, subject to certain enumerated conditions, including the preservation of whatever lien rights Defendant has, subject to further order of this Court determining whether Defendant's asserted liens are valid, and if valid, the extent and priority of such liens.

At the hearing, the Court advised each of the parties to submit proposed orders as to their respective positions regarding the requirements of Florida and federal law relating to the validity of Defendant's asserted liens in Aircraft 504, whether arising pursuant to contract or by statute.

The Court, having reviewed the file and submissions of all interested parties, and having heard the proffers, representations and argument of counsel, and having otherwise been duly informed in the premises, holds that Defendant's asserted statutory lien and contractual lien are invalid against Debtor, its bankruptcy estate and its creditors for

failure to timely file a prepetition notice of lien with the Federal Aviation Administration in Oklahoma City, Oklahoma.

## BACKGROUND

From the commencement of this bankruptcy case on July 25, 2008, Debtor has been acting as a debtor in possession and a fiduciary of this Court, and in that capacity is vested with certain rights, powers and obligations of a chapter 11 trustee pursuant to 11 U.S.C. § 1107, including the rights of a bona fide purchaser and a hypothetical lien creditor under 11 U.S.C. § 544. As a fiduciary, the debtor in possession owes a duty to all creditors of the bankruptcy estate, including the Defendant.

As debtor in possession, Debtor currently operates a cargo carrier business that provides airport-to-airport service to the air freight community and owns certain Airbus model A-300 aircraft, including Aircraft 504.

Debtor, pursuant to a General Terms Agreement and Aircraft Maintenance Agreement[1] (collectively, the "Contract"), delivered Aircraft 504 to Defendant on June 19, 2008 for the purpose of having a 96-month heavy maintenance check performed in Miami-Dade County, Florida. The Contract provided for the payment of $250,000 to Defendant at induction of Aircraft 504 for the purposes of the 96-month maintenance check.

Debtor asserts that, after delivery of Aircraft 504 to Defendant, Debtor instructed Defendant not to perform any maintenance on Aircraft 504. Defendant asserts it performed substantial work to prepare for the 96-month maintenance check as well as in

---

[1] A more detailed recitation of the contractual relationship between the parties, in addition to the contracts themselves, is included in the Complaint for Turnover of Estate Property, to Determine Validity, Extent and Priority of Lien, for Determination of Violation of Automatic Stay and for Conversion filed in this adversary proceeding [D.E. 1]

3

connection with the movement of Aircraft 504 upon delivery. As a result, the parties dispute whether Aircraft 504 was actually inducted pursuant to the contract, and whether any amount is owed by Debtor to Defendant in respect of maintenance work allegedly performed on Aircraft 504.[2]

The dispute between the parties arose due to Defendant's refusal to return Aircraft 504 to Debtor after Debtor had requested the turnover of the aircraft post-petition. Defendant's refusal to relinquish possession of Aircraft 504 was based on its assertion of a statutory mechanic's lien and a contractual lien in Aircraft 504 for outstanding maintenance payments due for work allegedly performed on Aircraft 504 and performed on other of Debtor's aircraft. Essentially, irrespective of whether labor or services were performed for Debtor on Aircraft 504, Defendant argues that it is entitled to assert a lien on Aircraft 504 due to the "cross-collateralization" provision found in the parties' Contract and as a matter of statutory right pursuant to Fla. Stat. § 713.58.

On July 24, 2008, the day immediately preceding the petition date, Defendant filed a claim of lien with the Clerk of the Circuit Court in Miami-Dade County, Florida, as document no. CFN 2008R0607302, at O.R. Book 26493, Page 3683 (the "Claim of Lien") asserting a mechanic's lien solely against Aircraft 504 for labor, materials and services Defendant allegedly provided on Aircraft 504 [D.E. 1, Ex. 3]. Defendant listed the unpaid amount of these services as $250,000, which is the payment amount the Contract provides is to be charged Debtor at induction of Aircraft 504.

---

[2] Despite Debtor's compelling argument that no labor or services were provided by Defendant in respect of Aircraft 504, such a determination is not necessary at this time to determine the current state of the law regarding the validity and enforceability of mechanic's liens against aircraft under Florida law.

4

Post-petition, on July 29, 2008, Defendant recorded a certified copy of the Claim of Lien with the Federal Aviation Administration (the "FAA Claim of Lien"), which asserts a lien in the amount of $250,000 against Aircraft 504, for labor, material or services allegedly performed on Aircraft 504 [D.E. 1, Ex. 4].

Debtor has argued that Defendant's assertion of a perfected lien in Aircraft 504 is contrary to Fla. Stat. §§ 713.58, 329.51, and 329.01 because Defendant failed to timely file the FAA Claim of Lien prior to the petition date pursuant to Fla. Stat § 329.01 and 49 U.S.C. §§ 44107 and 44108, in order to have a properly perfected lien in Aircraft 504 that is valid and enforceable against both the Debtor and third parties. Debtor further argues that, if Defendant does have a valid lien, Defendant's Claim of lien filed with the Clerk of the Circuit Court in Miami-Dade County, Florida and the FAA Claim of Lien filed with the Federal Aviation Administration ("FAA") would not perfect the lien asserted for the amounts claimed by Defendant as due and owing for work performed on Debtor's aircraft, other than Aircraft 504.

Defendant has argued that it has perfected liens in Aircraft 504 for work performed on Aircraft 504 and for work performed on other aircraft of Debtor in compliance with applicable Florida Statutes, including Fla. Stat. §§ 713.58, 329.51, and 329.01, and as permitted under 11 U.S.C. §§ 362(b)(3) and 546(b).

## ANALYSIS OF LAW

There is no dispute between the parties that Fla. Stat. § 713.58(1)[3] provides a lien for labor or services on personal property on which an artisan actually provides services or labor. Where the parties differ is whether Defendant has a perfected lien in Aircraft 504 as of the petition date and, if it does, the extent and priority of the lien.

### Validity and Enforceability of a Florida Mechanic's Lien Against Aircraft

Pursuant to Fla. Stat. § 713.58(1), a lien on personal property upon which labor or services have been provided arises at the time such labor or services are provided. This much is not in dispute. However, the parties differ as to the proper method of perfection of the lien under Florida and federal law.

Defendant argues that possession of Aircraft 504 is enough for its statutory mechanic's lien to be valid under Florida law, while Debtor argues that the validity of a statutory mechanic's lien against an aircraft under Florida law requires perfection of the lien, which is a two-step process. First, the lienor must file a verified notice of lien with

---

[3] Fla. Stat. § 713.58 provides, in relevant part:

**713.58 Liens for labor or services on personal property.--**

(1) In favor of persons performing labor or services for any other person, upon the personal property of the latter upon which the labor or services is performed, or which is used in the business, occupation, or employment in which the labor or services is performed.

(2) It is unlawful for any person, knowingly, willfully, and with intent to defraud, to remove any property upon which a lien has accrued under this section without first making full payment to the person performing labor or services of all sums due and payable for such labor or services or without first having the written consent of such person so performing the labor or services so to remove such property.

(3) In that the possessory right and lien of the person performing labor or services under this section is released, relinquished, and lost by the removal of such property upon which a lien has accrued, it shall be deemed prima facie evidence of intent to defraud if, upon the removal of such property, the person removing such property utters, delivers, or gives any check, draft, or written order for the payment of money in payment of the indebtedness secured by the lien and then stops payment on such check, draft, or written order.

6

the clerk of the circuit court in the county in which the aircraft was located at the time the labor, services, fuel, or material was last furnished in order for the lien to be enforceable against the owner of the aircraft. Second, a notice of lien must be recorded in the office of the Federal Aviation Administrator of the United States, before a statutory lien claimed becomes valid against any third party. See Fla. Stat. §§ 329.51 and 329.01; 49 U.S.C. §§ 44107 and 44108.

Federal law is consistent with these provisions of Florida law. Pursuant to 49 U.S.C. § 44108, until an instrument executed for security purposes is filed for recording with the Federal Aviation Administration (the "FAA"), the instrument is valid only against the person making the instrument, and not against any other person or entity. Many cases that have considered whether non-consensual statutory liens must be filed with the FAA, purely as a matter of federal law, have found that recordation of such liens is mandatory and that the FAA filing and recordation scheme pre-empts contrary state law. See Southern Air Transport, Inc., v. Northwings Accessories Corp. (In re Southern Air Transport Inc.), 255 B.R. 715, 721 (Bankr. S.D. Ohio 2000) (citing Aero Support Systems, Inc. v. F.D.I.C., 726 F.Supp. 651, 653 (N.D.Tex.1989) (mechanic's lien against aircraft must be recorded with the FAA to be perfected; state law is preempted); South Shore Bank v. Int'l Jet Interiors, Inc., 721 F.Supp. 29, 32-33 (E.D.N.Y.1989) (mechanic's lien on aircraft must be recorded with FAA; state law is preempted); Southern Horizons Aviation v. Farmers & Merchants Bank, 231 Ga.App. 55, 56-57, 497 S.E.2d 637, 639 (Ga.App.1998) (mechanic's lien on aircraft is invalid against third parties unless notice is filed with FAA); General Elec. Capital Corp. v. Advance Petroleum, Inc., 660 So.2d 1139, 1141 n. 2 (Fla.Dist.Ct.App.1995) (FAA maintains a registry for recording

conveyances, security interests, or other encumbrances affecting title to civil aircraft, and recordation with the FAA is mandatory; state law preempted); and *Crescent City Aviation, Inc. v. Beverly Bank,* 139 Ind.App. 669, 672, 219 N.E.2d 446, 448 (Ind.App.1966) (Federal Aviation Act is exclusive means for recording liens on aircraft, including mechanic's liens)).

However, it appears that two cases provided by Defendant interpret 49 U.S.C. §§ 44107 and 44108 as not requiring the recordation of statutory mechanic's liens with the FAA if state law allows for perfection of statutory liens on aircraft through possession alone. *See Triad Int'l Maintenance Corp. v. Southern Air Transport, Inc.*, 511 F.3d 526 (6th Cir. 2007)(holding "that where state law does not require, or even provide for, the filing of an instrument in order for a possessory artisan's lien against an aircraft to be perfected, the failure to file an instrument evidencing the lien with the FAA registry does not invalidate the lien"); *Tower Air, Inc. v. Pratt & Whitney (In re Tower Air, Inc.)*, 319 B.R. 88 (Bankr. D. Del. 2004) (holding that Delaware law did not require the filing and recordation of a statutory mechanic's lien in parts and components and also that 49 U.S.C. § 44107(a)(1) or 49 U.S.C. § 44107(a)(2) did not require the filing and recordation of statutory mechanic's lien in parts and components).

As a result, the Court must determine whether Florida allows for the perfection of a mechanic's lien against an aircraft solely by possession.

Fla. Stat. § 329.51 provides:

> Any lien claimed on an aircraft under s. 329.41 or s. 713.58 is
> enforceable when the lienor records a verified lien notice with the clerk
> of the circuit court in the county where the aircraft was located at the

8

time the labor, services, fuel, or material was last furnished. The lienor must record such lien notice within 90 days after the time the labor, services, fuel, or material was last furnished. The notice must state the name of the lienor; the name of the owner; a description of the aircraft upon which the lienor has expended labor, services, fuel, or material; the amount for which the lien is claimed; and the date the expenditure was completed. This section does not affect the priority of competing interests in any aircraft or the lienor's obligation to record the lien under s. 329.01.

Fla. Stat. § 329.01 provides:

No instrument which affects the title to or interest in any civil aircraft of the United States, or any portion thereof, is valid in respect to such aircraft, or portion thereof, against any person, other than the person by whom the instrument is made or given, the person's heirs or devisee, and any person having actual notice thereof, until such instrument is recorded in the office of the Federal Aviation Administrator of the United States, or such other office as is designated by the laws of the United States as the one in which such instruments should be filed. Every such instrument so recorded in such office is valid as to all persons without further recordation in any office of this state. Any instrument required to be recorded by the provisions of this section takes effect from the date of its recordation and not from the date of its execution.

9

It is clear from the language of Fla. Stat §§ 329.01 and 329.51 that perfection of a mechanic's lien under Florida law requires the two-step filing process suggested by Debtor. As a result, Defendant was required to file its Claim of Lien both with the Clerk of the Circuit Court in Miami-Dade County, Florida and with the FAA in order for Defendant to have a valid and enforceable lien against Aircraft 504 for labor, services, fuel or material that it provided to Aircraft 504. *See also Creston Aviation, Inc. v. Textron Financial Corp.*, 900 So. 2d 727 (Fla. 4th D.C.A. 2005)(finding statutory lien against an aircraft was unenforceable when mechanic failed to file verified notice of lien in county where labor or services were last performed on the aircraft, even though mechanic had filed notice of lien with the FAA).

The Court notes that the determination of enforceability of the mechanic's lien under Florida law is separate and apart from the determination of validity of the lien against third parties and the priority of the lien against competing lien interests. In fact, the ultimate sentence of Fla. Stat. § 329.51 states that it does "not affect the priority of competing interests in any aircraft **or the lienor's obligation to record the lien under section 329.01**." Fla. Stat. § 329.01 [Emphasis added].

In *In re Tower Air, Inc.,* cited by the Defendant, the court noted that the "FAA does accept for recordation, artisan's liens on *aircraft* from states which have statutes authorizing their recording." 319 B.R. at n.16. The court further noted that the FAA published legal opinions in the Federal Register determining which states have enacted laws that require the filing of artisan's liens with the FAA. *Id.* In 1984, after Florida enacted Fla. Stat. § 329.51, the FAA issued a legal opinion that Florida had "passed

10

legislation which, in [its] opinion, allows the Aircraft Registry to accept artisan liens from [Florida]." 49 F.R. 17111-02 (April 23, 1984).

Therefore, once a party asserting a mechanic's lien files a verified notice of lien in the county in which it last provided services upon an aircraft, the notice of lien must also be filed with the FAA in Oklahoma City to obtain a validly perfected security interest in the aircraft, enforceable not only against the owner but also against third parties.

In a final attempt to persuade the Court that perfection of a statutory lien can be perfected by possession and take priority over a prior perfected interest in an aircraft, Defendant cites to *Carolina Aircraft Corp. v. Commerce Trust Co.*, 289 So. 2d 37 (Fla. 4th D.C.A. 1974). Despite the holding in *Carolina* allowing a possessory mechanic's lien for repairs on an aircraft arising under Fla. Stat. § 713.58 to take priority over a properly filed chattel mortgage recorded with the FAA, the Court is not persuaded by its reasoning or holding, given that *Carolina* was decided before the Florida legislature enacted Fla. Stat. § 329.51 in 1984 and the United States Supreme Court rendered its decision in *Philko Aviation, Inc. v. Shacket*, 462 U.S. 406 (1983).

In *Philko*, the Supreme Court held that the FAA recording statute preempts any state law which allows for the unrecorded transfer of an interest in an aircraft to take priority over a claim against an aircraft properly recorded with the FAA in Oklahoma City. 462 U.S. at 414. The court stated that any other interpretation of the statute would defeat the congressional purpose for the enactment, which was to create, "a central clearing house for recordation of titles so that a person, wherever he may be, will know where he can find ready access to the claims against, or liens, or other legal interests in the aircraft." *Id.* at 411. Therefore, while Fla. Stat. § 329.51 creates an enforceable

11

interest in an aircraft for services or labor performed against the owner of an aircraft, in order for a claim of lien to be valid as against third parties, notice must be given by filing the claim of lien with the FAA, pursuant to both 49 U.S.C. § 44108 and Fla. Stat. § 329.01.

As stated earlier, Fla. Stat. § 329.51 clearly requires a mechanic seeking to enforce a statutory lien against an aircraft pursuant to Fla. Stat. § 713.58 to file a notice of lien with the clerk of the circuit court in the county in which the aircraft received labor or services, and does not alter the separate obligation of the lienor "to record the lien under section 329.01", which requires filing the claim of lien with the FAA.  In addition, the FAA has recognized Florida as a state whose law requires the filing of an artisan's lien with the FAA.  Although not explicitly overruling its 1974 decision in *Carolina*, the 4th District Court of Appeals stated in its 2005 decision in *Creston Aviation, Inc.* that, "It is apparent that the supremacy of the federal regulation requiring recordation of interests in aircraft with the FAA is operative to the extent that if the title or lien interest is not recorded in the FAA Aircraft Registry, then it will not be valid as against third parties without notice, regardless of any state law to the contrary." 900 So.2d at 731.

In light of the courts' holdings in *Philko* and *Creston* as well as the federal and state statutes mandating the recordation of mechanic's liens against domestic civil aircraft, the Court does not agree with the holding in *Carolina* that a statutory lien against an aircraft may be perfected through possession.  Possession of an aircraft is legally insufficient to perfect a mechanic's lien against an aircraft under Florida law.

The Court notes that Defendant attempted to file its FAA Claim of Lien, but the lien was not **recorded** until July 29, 2008, four days after the petition date, despite being

**executed** on July 23, 2008. Fla. Stat. § 329.01, by its very terms, does not provide for retroactive filing of any instrument affecting title to an aircraft, as the statute provides, "Any instrument required to be recorded by the provisions of this section takes effect from the date of its recordation and not from the date of its execution." Therefore, the Court is unable to agree with Defendant's arguments that the FAA Claim of Lien filed post-petition should relate back to an earlier date pre-petition.

As such, Defendant's FAA Claim of Lien (based either upon its contractual lien theory or statutory lien theory) is avoidable by Debtor pursuant to Bankruptcy Code § 544, and consequently the FAA Claim of Lien is not valid against Debtor or any other person. See Fla. Stat. § 329.01; 49 U.S.C. § 44108.

### Extent of Mechanic's Lien

Given the Court's ruling that Defendant's mechanic's lien against Aircraft 504 is not valid against Debtor, its bankruptcy estate or its creditors, it is not necessary for the Court to address Defendant's argument that its lien secures amounts due Defendant for work performed on other aircraft owned by Debtor. However, the Court feels compelled to address certain of the arguments made by Defendant.

Defendant urges the Court to interpret § 713.58(1) to allow it to assert a possessory mechanic's lien against any "property . . . used in the business, occupation, or employment" of the Debtor regardless of whether actual services were provided with respect to that particular property. [D.E. 12 at 10]. For this remarkable proposition, Defendant relies on Southern Attractions, Inc. v. Grau, 93 So. 2d 120, 123 (Fla. 1956), as generally "recognizing that a mechanic's lien may apply to 'personal property in the

business in which such labor or services is performed' and not limited to the specific property on which such labor or services is performed." [D.E. 12 at 10].

Defendant's reliance on <u>Southern Attractions</u> is misplaced. No other reported case cites to <u>Southern Attractions</u> for this expansive view of statutory "cross collateralization." In fact, <u>Southern Attractions</u> was decided in the limited context of an employee/employer dispute for past due wages, in which the Court addressed whether an employee in a managerial role, rather than a laborer, could attach property of his employer to obtain payment of past due wages. *Id.* at 122-123. Relying on previous Florida case law allowing lien claims of laborers to attach to personal property of the businesses in which they worked, the Florida Supreme Court could find no valid reason to limit Fla. Stat. § 713.58(1) to laborers rather than managers. *Id.* (holding "that under the provisions of [§ 713.58] a lien does exist on the personal property of a business in which one performs managerial duties . . . ").

The more likely construction, and the one espoused by Debtor and supported by case law, is that a mechanic's lien pursuant to Fla. Stat. § 713.58(1) will only attach to personal property upon which labor or services were provided, unless the person seeking attachment of the lien provided services or labor pursuant to an employment relationship. <u>See</u> *International Inc. v. North American Airlines, Inc. (In re Jet Executive)*, 27 B.R. 61 (Bankr. S.D. Fla. 1983) (requiring mechanic to turnover property upon which mechanic did not perform labor or services, even though mechanic claimed a lien pursuant to § 713.58 for work performed on other property of debtor no longer in its possession); *Lui-M Corp. v. Garland Corp. (In re Garland)*, 6 B.R. 452 (Bankr. D. Ma. 1980) (interpreting Fla. Stat. § 713.58 stating, "the lien is intended to be limited and is expressly

14

made limited to work or labor performed on the property being held," and further stating that the language "or which is used in the business, occupation or employment in which the labor or services is performed . . . is intended to cover employees or others who cannot identify the specific goods on which they worked"). This interpretation of Fla. Stat. § 713.58 is consistent with Fla. Stat. § 713.74, which provides, in relevant part, that, "There shall be no lien upon personal property as against purchasers and creditors without notice unless the person claiming the lien is in possession of the property upon which the lien is claimed."

Notwithstanding these cases, the plain language of Fla. Stat. § 329.51 requires that any person seeking to enforce a lien arising under Fla. Stat. § 713.58 against an *aircraft*, describe, among other things, "the aircraft **upon which** the lienor has expended labor, services, fuel, or material". [Emphasis added].   Fla. Stat. § 329.51 makes no provision for enforceability of a lien against other personal "property . . . used in the business, occupation, or employment" of an owner of aircraft.

Based on the limited holding of Southern Attractions, the plain language of Fla. Stat. § 329.51, and the fact that no other case has relied on Southern Attractions for the proposition espoused by Defendant, the Court does not find Southern Attractions persuasive or applicable to the case at bar. Therefore, Defendant's claim of lien pursuant to section Fla. Stat. § 713.58(1) can only arise out of services or labor performed on Aircraft 504, and not for any amounts due and owing to Defendant for work performed on other of Debtor's aircraft.

Defendant also asserts a lien against Aircraft 504 pursuant to the Contract to secure the amounts due for work performed on other aircraft of Debtor.   However, the

Claim of Lien filed by Defendant with the Clerk of the Circuit Court in and for Miami-Dade County, Florida is silent regarding the total claim asserted by the Defendant pursuant to the Contract for work performed on other of Debtor's aircraft. The Claim of Lien refers only to a claim in the amount of $250,000, solely against Aircraft 504 for labor, materials and services Defendant allegedly provided on Aircraft 504, which is far less than the total amount of $1,939,845.75 claimed by Defendant as being unpaid by Debtor. Therefore, even if Defendant had timely filed its FAA Claim of Lien prior to the petition date, the extent of Defendant's lien against Aircraft 504 would be limited to the sum of $250,000 and it would not secure any amounts due and owing by Debtor in excess of that amount for work performed on other aircraft owned by Debtor.

## CONCLUSION

For the reasons stated above, the Court finds, as a matter of law, that Defendant did not timely file its FAA Claim of Lien with the FAA prior to the petition date and that the FAA Claim of Lien is avoidable pursuant to Bankruptcy Code §§ 544 and 545 and is invalid against Debtor and its bankruptcy estate. Further, the Court finds, as a matter of law, that Fla. Stat. §§ 329.51 and 329.01 prohibit possessory interests created by statute or contract from taking priority over the interest of Debtor as a debtor in possession, as well as the validly perfected interests of third parties, without notice, unless a notice of lien is timely filed and recorded with the FAA. Finally, even if Defendant's lien was valid and enforceable against the Debtor, the Court finds that the contractual cross-collateralization asserted by the Defendant is belied upon the monetary limitation and description of the work described in the Claim of Lien filed with the Clerk of the Circuit Court.

16

Therefore, it is

ORDERED AND ADJUDGED that:

1.    Defendant does not have a valid lien in Aircraft 504 arising either by contract or pursuant to statute to secure its claims against Debtor.

2.    The conditions imposed on the Debtor's usage of Aircraft 504 pursuant to the decretal paragraphs 2 through 6 in the *Order Granting, in Part, Debtor's Emergency Motion for Preliminary Injunction* are eliminated, and Debtor may utilize Aircraft 504 subject to any restrictions generally imposed upon a debtor in possession under the Bankruptcy Code, including without limitation Bankruptcy Code § 363.

###

Submitted by:
Mindy A. Mora, Esq
Bilzin Sumberg Baena Price & Axelrod, LLP
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131

Copy furnished to:
Mindy A. Mora, Esq., who shall serve a copy of this order on all interested parties and file a certificate of service